**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

_____

RALPH ABEYTA,
DOMINGO ABRAHAM,
MARTIN ADAKAI,
WILLIAM F. ADKINS,
JAMES A. AINGARD,
ROBERT ALARCON, JR.,
PHILLIP J. ALBANO,
DAVID ALEXANDER,
HILARIO ALFONSO JR.,
MATTHEW ALGIEN,
ANTHONY ALVARADO,
RUBEN A. ALVARADO,
STEPHEN ALVARADO,
ROBERT ANAYA,
JAKE R. ARAGON,
EDWARD R. ARCHULETA,
MICHAEL J. ARCHULETTA,
RONNIE J. ARCHULETTA,
JOSE ARELLANO,
JOE L. ARMIJO,
WILLIAM ARNOLD JR.,
PATRICIA ASHTON,
THADDIUS J. ATENCIO,
CALMEZ H. ATKINS,
BOYD ATTERBERRY,
JOE N. AYALA,
SIMON AYALA,
NEPUMOCENO BACA,
MARK BAKER,
MICHAEL W. BAKER,
RANDY D. BAKER,
RONALD L. BARBOUR,
PATRICK BARNETT,
CAMERON BAROS,

JOHN BAROS,
BRYCE BEDDALL,
GARY S. BEEMAN,
ANGELO BELORE,
DANIEL BELTRAN,
RALPH BENABIDES,
SEAN BERUMAN,
RONNIE BEZONA,
KARL BIRCH,
TODD A. BLANCHARD,
ROY BLOOMER,
VINCENT BORCHERT,
CHRIS BORGSTEDT,
KELLY BRADSHAW,
CARL E. BROWN,
DANIEL L. BROWN,
LEROY BROWN,
JOEL BUCHANAN,
KENNETH R. BURK,
LYNN BURLESON,
BRENDON CAFFARO,
FREDERICK L. CAGE,
DONOVAN CAMPBELL,
JORDAN CAMPBELL,
DAVID CAPLE,
ROBERT E. CAPPS,
GEORGE CARDENAS,
JODY CARPER,
VICTOR D. CARRILLO,
ANGELO CASADOS,
CARL R. CASCRO,
EDWARD D. CASIAS,
GLENDA CASIAS,
ERIC CASTELLANO,
ERNEST S. CASTELLANO,
THOMAS CAWLEY III,
MARCO CELLZR,
JASON O. CESARIO,
JERRY CHAMPION,
BRIAN CHAVEZ,
THOMAS V. CLEMENTO,
STEVE COCA,
JOHN R. CONNOR,

OSCAR CONTRERAS-SORIA,
JESSIE COOK,
JOSEPH P. CORDOVA,
STEVE CORDOVA,
ROBERT T. CRAMER,
DANNY DAFFRON,
ANTHONY DAVIS,
MATTHEW DAWSON,
JOHN M. DISSLER,
GAGE DORRANCE,
KEVEN DROBNITCH,
EDWARD A. DZIKOWSKI,
TUCK EARHART,
TIMOTHY P. EAST,
KEITH A. EBERHART,
RV J. EDMONDS III,
BILL ELLIOTT,
DOUGLAS EMERY,
EDWARD ESPINOZA,
JIMMY J. ESPINOZA,
VICTOR ESPINOZA JR.,
ANDREW ESQUIBEL,
ERNESTO ESQUIBEL,
JESUS A. ESQUIBEL,
FRED  FABEC,
RICHARD FANNING,
SEAN FAZIO,
CHARLIE FETTY III,
STEVE FISCHER,
RAYMOND P. FLORES,
ROBERT W. FOX,
DIONICIO FRANKLIN,
EUGENE FRANKLIN,
JOSHUA FRANKLIN,
ALLEN GALLEGOS,
DOMINIC L. GALLEGOS,
TAYLOR GALLEGOS,
JOHN L. GALVAN,
ARCENIO R. GARCIA,
CHRISTOPHER A. GARCIA,
FRANCIS GARCIA,
GERALD GARCIA,
JEFF GARCIA,

JUAN GARCIA III,
MARK A. GARCIA,
PLACIDO GARDUNO JR.,
LEROY E. GARNER,
GEORGE GASH,
ANTHONY GENNETTA,
TOM A. GENNETTA,
MARTIN GERSICH,
JIM R. GIBBONS,
DANNY GIRON,
JOSEPH GODINEZ,
BRANDON GONZALES,
JOSEPH GONZALES,
LEANDRO P. GONZALES,
MARK GONZALES,
MICHAEL  A. GONZALES,
RICKY GONZALES,
FRANK GONZALEZ,
EDWARD GOOD III,
EVAN GRACE,
BRIAN D. GRADISAR,
SANTOS GRANILLO III,
JEFFREY D. GRAY,
MICHAEL GRAY,
FRANK J. GRINE,
WERNER GROEZINGER,
JONATHAN M. GROVES,
GLEN A. GUERRA,
THEODORE GUERRERO,
DAVID GUTIERREZ,
JESSE GUTIERREZ,
JOSEPH GUTIERREZ,
CARMEL L. HALL,
WILLIAM L. HAMLER,
WILLIAM A. HARTLE,
STAN HAUBLE,
JAMES L. HAWKINS,
DANNY J. HAYES,
RICHARD E. HEATHCOCK,
ROBERT K. HEATON,
JESSIE HERNANDEZ,
JOHN HERNANDEZ,
CHARLES E. HERRERA,

JOHN R. HERRERA,
RICHARD HERRERA,
ROBERT R. HERRERA,
KENNETH HICKS,
ERNEST HOLMQUIST,
ALLEN HORVAT,
BRANDON HORVAT,
THOMAS HUDSON,
TOM L. JAQUEZ,
EDWARD JARAMILLO,
JAMES D. JENNINGS,
LAZARO G. JIMENEZ,
BENJI KABER,
JEFF KABERLINE,
ALEXANDER KAISER III,
ROY E. KEENE,
MARK KEITHLEY,
CRAIG KEYS,
JIMMY KIEFER,
NATHAN KIEFER,
DWIGHT KIMBRELL,
BENNY KING,
JERRY KING,
SHAUN A. KING,
JESS KLEINSCHMIDT,
THOMAS KOUCHNERKAVICH,
JAMES E.  KOVACICH,
TOBIAS KOVTYNOVICH,
HOLLY KRATZER,
GARY KRIEGER,
PAUL M. LANDGREN,
LISA LANDRETH,
RILEY LANGDON,
JAMES LAUBACH,
THOMAS LAUGHLIN JR.,
MICHAEL LAURICELLA,
JEREMY C. LAWRENCE,
EDWARD LAZO,
GEORGE R. LEE,
BOB LETURGEZ,
DANIEL LIBBERTON,
CUPERT P. LIRA,
JESUS R. LIRA,

MICHAEL J.  LITTLE,
LEONARD A. LOPEZ,
LEOPOLDO LOPEZ,
ROBERT LOPEZ,
SAMUEL R. LOPEZ,
KEVIN W. LOVE,
GLENN LOVELAND,
HENRY LUCERO,
JOE M. LUCERO,
NICHOLAS LUCERO,
ERIC T. LUDWIG,
DARRYL E. LUJAN,
LOREN  LUNDGREN,
JAMES D. MACALUSO,
MARIO MACULUSO,
ANTONIO J. MADRID,
ADOLPH U. MAES,
JESSE J. MAES,
MARTIN MAES,
LINO J. MAEZ,
STEVE MALDONADO,
JACOBO MARMOLEJO,
NATHAN G. MARQUEZ,
SAVINO MARTIN JR.,
ROBERT MARTIN ,
ANDRES MARTINEZ,
ANTHONY J. MARTINEZ,
CARL J.  MARTINEZ,
DANIEL MARTINEZ,
DAVID G. MARTINEZ,
DINO E. MARTINEZ,
DONALD A. MARTINEZ,
GREGG MARTINEZ,
JAMES E. MARTINEZ,
JOE A. MARTINEZ,
JOSEPH MARTINEZ JR.,
JUDY MARTINEZ,
LOUIS MARTINEZ,
MICHAEL G. MARTINEZ,
PATRICK R. MARTINEZ,
PHILLIP M. MARTINEZ,
RONALD W. MARTINEZ,
STEPHEN B. MARTINEZ,

THOMAS MARTINEZ,
WILLIAM A. MARTINEZ,
BRANDON MASCARENAS,
MARK MASCARENAS,
SHANE MASON,
ROBERT  W.  MAYL,
PAUL MCCLURE,
BRANDON MCCRARY,
MICHAEL J. MCCRAY,
PAUL T. MCKLEM,
FRED M. MEDINA,
JERRY MEDINA,
JOHN C. MEDINA,
LINDA M. MEDINA,
ANDREW I. MENDOZA,
IGNACIO MENDOZA,
JOACHIM MILKOWSKI,
JESS A. MILLER,
THOMAS MILLER,
CHARLENE MILLSAP,
RON MILUSNIC,
ROBERT MONCIVAIZ,
JOHN MONTANO,
SAMUEL R. MONTANO,
ALBERT J. MONTELONGO,
LLOYD V. MONTIEL,
ANTHONY B. MONTOYA,
MANUEL A. MONTOYA,
RICHARD MONTOYA,
LUTHER MOORE,
PATRICK MOORE,
CLIFFORD L. MORGAN,
SHAWN MORGAN,
EDWARD MUNIZ,
NORMAN NAVEJAS,
LONNIE NEILL,
KELLEY NEWELL,
GEORGE NORICK III,
BRAD OGLE,
BEN E. ORTIZ,
JOHN J. ORTIZ,
REBECCA ORTIZ,
EMILIO OTERO-FRANCO,

MICHAEL OURSO,
RICHARD OWENS,
FRED PACHECO,
KYLE R. PACINO,
EUGENE PADILLA,
LEOPOLDO PADILLA,
RANDY PADILLA,
CARL J. PALUMBO,
SAMUEL PANTELLO,
STEVE PATRICK,
DAVID W. PAXTON,
JAMES PAYEN JR.,
LARRY PAYNE,
QUENTIN PAYNE,
JEFFREY F. PELC,
SHANE PERKINS,
ALAN D. PERRYMAN,
DONALD R. PETERSON,
JOSEPH A. PHILLIPS,
THOMAS J.  PICCO,
RALPH PINEDA,
CHRISTOPHER J. PINELLE,
JEFFREY S. POOL,
CHARLES L. POPE,
LOUIS POTOKAR,
JOHNNY M. POTTER, JR.,
EARL PRADO,
RAY D. QUINTANA,
FORREST RADER JR.,
ORLANDO M. RAMOS,
DAVID RAMSEY,
RALPH REDMAN,
JULIAN R. RESENDEZ,
ANDREW RICHARDSON,
LUCIO G. RIOS,
THOMAS M. RIVERA,
MICHAEL J. RODRIGUEZ,
RAFAEL RODRIGUEZ,
GLEN ROEHRKASSE,
CHRISTI ROJAS,
TIMOTHY C. ROLDAN,
HERMILO ROMAN,
BENJAMIN A. ROMERO,

RICHARD R. ROMERO,
ROGER ROTHENBERGER,
LARRY RUOT,
JOSEPH RUTIGLIANO,
ANDRES SALAZAR,
MOSES F. SALAZAR,
HENRY M. SAMORA,
LOUIS J. SAMORA,
LOUIS SAMORA JR.,
DOMINIC M. SANCHEZ,
ROBERT J. SANCHEZ,
RONALD L. SANDERS,
EDWARD F. SANDOVAL,
JAMES SANDOVAL,
JAMES SANDUSKY,
JAMES D. SANFORD, JR.,
MIKE SANTISTEVAN,
MODESTO M. SANTISTEVAN,
MARTIN SANTOYO III,
BOB SCHAFER,
RICHARD W. SCHAFER,
ANDREW SCOTT,
JOHN R. SEIDNER,
LARRY T. SELEY,
DARYL SENA,
VANCE SEWROOK,
CHARLES SHWAGER,
THAD SINKER,
ROCKY L. SISNEROS,
DOUG SLOAN,
AARON SMITH,
CHAD SMITH,
DANIEL SMITH,
JASON M. SMITH,
RONALD SNIFF,
NATHAN SOARES,
MICHAEL P. SOTO,
JAMES N. SOUTHER,
RICHARD B. SPILLMAN,
SAMUEL E. SPINUZZI,
GARY ST. CLAIR,
ANDREW STAUFFER,
SEAN STEWART,

MARK SULLIVAN,
JAMES M. TAFOYA,
TONY S. TAFOYA,
STEVEN N. THEDFORD,
MARK TOMKY,
TRAVIS K. TRUE,
ALAN R. TRUJILLO,
ANDY R. TRUJILLO,
AUGUSTINE TRUJILLO,
BENJAMIN TRUJILLO,
HAROLD TRUJILLO,
JOE TRUJILLO,
JOHN A. TRUJILLO,
RAY  A. TRUJILLO,
ROBERT D. TRUJILLO,
TED TRUJILLO,
BRADLEY S UNRUH,
ARTHUR URIOSTE,
DENNIS D. VALDEZ,
JAMES D. VALDEZ,
RANDY J. VALDEZ,
RICHARD VALDEZ,
TRAVIS L. VALDEZ,
RYAN VALENCIA,
JAMES M. VANALSTYNE,
CRAIG T. VASQUEZ,
PETE N. VASQUEZ,
WILLIAM VELASQUEZ JR.,
FRANK VERDERAIME,
FRANK A. VIDANA,
ANDY VIGIL,
ANDY VIGIL,
DAVID B. VIGIL,
DAVID VIGIL JR.,
GILBERT R. VIGIL,
JOSEPH L. VIGIL,
LOUIS VIGIL JR.,
MIKE A. VIGIL,
RICHARD VIGIL,
ROBERT L. VIGIL,
SELEDON VIGIL JR.,
DAVID VILLARREAL,
DON E. VILLEGAS,

TIMOTHY VINING,
KENNETH VOLK,
WILLIAM WALLACE,
BEN WHITAKER,
DAVID R. WILSON,
JOSEPH S. WILSON,
JOSEPH S. WILSON,
FRANKLIN WIRCH,
DOUGLAS WOBST,
LARRY D. WOLF,
STEVE YBARRA,
KRISTIAN ZOLLNER,
RAY L. ZUPANCIC,

Individually, and on Behalf of Others Similarly Situated,

        Plaintiffs,

v.

CF&I STEEL, L.P., a Delaware Limited Partnership, d/b/a EVRAZ ROCKY MOUNTAIN
STEEL,

        Defendant.

---

## COMPLAINT FOR REPRESENTATIVE ACTION

---

COME NOW the Plaintiffs, for and on behalf of themselves and other persons similarly

situated, and through their counsel, McNamara Roseman & Kazmierski LLP, allege as follows

for their Complaint For Representative Action against the above-named Defendant:

### JURISDICTION AND VENUE

1.      This action is authorized and instituted pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq*, and 29 U.S.C. § 216(b) which authorizes this representative action. This

court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.      The acts complained of herein were committed, or had their principal effect, within the District of Colorado, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

**1.** Plaintiffs are residents of the State of Colorado.    At all times relevant to the allegations herein, Plaintiffs were employees of Defendant CF&I Steel, L.P.  A complete listing of Plaintiffs, along with their respective addresses, is attached as Exhibit A hereto.

**2.** Defendant CF&I Steel, L.P., d/b/a Evraz Rocky Mountain Steel ("Evraz") is a Delaware Limited Partnership, with its principal place of business in Pueblo, Colorado.

**3.** Evraz is an employer within the meanings set forth and applicable to federal law, and was, at all times relevant to allegations in this Complaint, Plaintiffs' employer.  Evraz is a manufacturer of steel and iron products  Formerly known as Colorado Fuel and Iron, the Pueblo, Colorado facility was acquired in 2008 by Evraz Group S.A., a multinational steel and mining conglomerate.

**4.** Defendant Evraz is an employer covered by the Fair Labor Standards Act.

## SUMMARY OF CASE

**5.** This is a representative action under the Fair Labor Standards Act ("FLSA"). Plaintiffs are similarly situated to a larger group of employees who were not paid for time spent donning and doffing protective equipment, washing, and walking time while performing work for Evraz during the course of their employment.

## REPRESENTATIVE ACTION ALLEGATIONS

**6.** Plaintiffs' claims herein are brought individually on behalf of the Plaintiffs and in a representative capacity on behalf of similarly situated current and former employees of Evraz.

**7.** Plaintiffs assert violations of federal law, more particularly, the FLSA, on behalf of all persons who performed services for Evraz for during the relevant limitations period.

**8.** Plaintiffs are unable to state the exact number of the class but believe that the size of the class exceeds 800 individuals who worked for Evraz during the relevant limitations period. Joinder of such numbers would be impractical.

**9.** Evraz can readily identify the members of the class.

**10.** Plaintiffs claims are typical of those of the FLSA collective, as they sustained damage due to Evraz's failure to pay compensation owed as described in more detail herein, as did other members of the class.

**11.** Plaintiffs will fairly and adequately protect the interests of the FLSA class members. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.

**12.** Common questions of law and fact exist as to all FLSA class members and predominate over any questions solely affecting individual FLSA class members.
Among the questions of law and fact common to Plaintiffs and the FLSA class are, inter alia:

     a.     Whether time spent preparing, donning, doffing, and cleaning personal protective equipment and time spent engaged in required personal cleaning and sanitizing activities is integral or indispensable to Defendant's business operations;

     b.     Whether the donning, doffing, and cleaning activities and personal cleaning and sanitizing activities are required and/or controlled by Defendant;

        c.      Whether the work performed by Plaintiffs and the FLSA Class is compensable under the FLSA;

        d.      Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the FLSA;

        e.      Whether Defendant failed to pay Plaintiffs and the FLSA class for all of the work Defendant required them to perform;

        f.      The nature and extent of FLSA class-wide injury and the measure of damages for the injury.

**13.** A Representative Action pursuant to the FLSA, 29 U.S.C. § 216(b) is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this representative action that would preclude its maintenance as a representative action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**FACTUAL ALLEGATIONS**

**14.** Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein.

**15.** Evraz owns and operates a large steel production facility located in Pueblo, Colorado.

**16.** Evraz employs approximately 800 individuals at its Pueblo, Colorado facility. Evraz is an employer within the meaning of that term under the Fair Labor Standards Act.

14

**17.** Plaintiffs are employees or former employees of Evraz who worked at the Pueblo, Colorado facility during the relevant limitations period.

**18.** Plaintiffs serve in a variety of different positions within the company in a number of different departments, including within the seamless mill, rod and bar mill, maintenance department, and other areas.

**19.** Evraz requires the Plaintiffs to wear certain personal protective equipment ("PPE"), or otherwise controls the use of such equipment. Though the precise equipment varies from job to job and department to department, many Plaintiffs are required to wear long underwear, heat resistant coveralls, leather gloves, steel-toed boots, hard hats and safety glasses. Some Plaintiffs are required to wear slightly different or additional personal protective equipment.

**20.** Evraz requires employees, including Plaintiffs, to put on ("don") and take off ("doff") their work gear at the Pueblo, Colorado facility. Moreover, Evraz requires that work PPE be left at the plant, and not be worn or taken home with employees.

**21.** Evraz maintains a shower house and locker room facilities for the purpose of allowing employees to don and doff their work PPE, and to allow employees to shower before changing into personal "street" clothes.

**22.** Plaintiffs arrive daily at the Evraz facility and proceed to a locker room where they don their personal protective equipment. Following the donning of such equipment, Plaintiffs walk to their work locations, where they then "clock in". Following their shifts, Plaintiffs "clock out", and then walk back to a locker room, where they shower and doff their equipment.

**23.** With a limited exception noted below, Plaintiffs are not compensated for time spent donning or doffing their personal protective equipment or for walking to their production

15

location following the donning of such equipment and walking from their production location prior to doffing such equipment.  Such time is not *de minimis*.

**24.** Upon information and belief, Plaintiffs employed in the seamless mill are presently paid a fixed amount of time for doffing, but are not paid for donning or walking time.  Other groups of employees were compensated for donning and doffing at varying times prior to the limitations period.  Prior to its purchase by Evraz, CF&I repeatedly changed its practice of compensation with regard to donning and doffing.

**25.** On June 16, 2010, the United States Department of Labor issued ruling No. 2010-2 clarifying that the types of equipment worn by Plaintiffs did not constitute "clothing" within the meaning of 29 U.S.C. § 203(o), and that donning and doffing of the type undertaken by Plaintiffs constituted a principal activity under the Portal to Portal Act.  Defendant was aware of this ruling by the Department, and also aware that Defendant's compensation policies were in contravention of the ruling.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
(Donning and Doffing – 29 U.S.C. § 201 et seq.)

**26.** Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein.

**27.** Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, Defendant is required to compensate employees at their regular rate of pay for all hours worked, and at one and a half times their regular rate of pay for time worked in excess of forty hours per week.

**28.** Defendant has failed to compensate Plaintiffs for time spent donning and doffing personal protective equipment.  These activities meet the definition of work under the Fair Labor

16

Standards Act.  Defendant's failure to compensate Plaintiffs for donning and doffing time is unlawful.

**29.** In addition, as a result of Defendant's failure to compensate Plaintiffs for donning and doffing time, Plaintiffs are entitled to overtime pay for hours worked in excess of 40 per week.

**30.** Defendant failed to keep records of all time worked by Plaintiffs in violation of the FLSA.

**31.** None of the Plaintiffs are exempt employees under the requirements of the FLSA.

**32.** Defendant's failure to pay wages earned and overtime to Plaintiffs was willful as Defendant knew such conduct was unlawful or showed reckless disregard for its obligations under the FLSA.  Therefore, Plaintiffs are entitled to an award of liquidated damages.

**SECOND CLAIM FOR RELIEF**
(Walking Time – 29 U.S.C. § 201 et seq.; 29 U.S.C. §254)

**33.** Plaintiffs repeat and reallege all previous paragraphs of their Complaint as though fully incorporated herein.

**34.** Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, Defendant is required to compensate employees at their regular rate of pay for all hours worked, and at one and a half times their regular rate of pay for time worked in excess of forty hours per week.

**35.** Defendant has failed to compensate Plaintiffs for time spent walking and other related activities following donning of personal protective equipment and prior to the doffing of such equipment.  These activities occur within the continuous workday pursuant to the Portal to Portal Act.  Defendant's failure to compensate Plaintiffs for walking time is unlawful.

**36.** In addition, as a result of Defendant's failure to compensate Plaintiffs for walking and other time during the continuous workday, Plaintiffs are entitled to overtime pay for hours worked in excess of 40 per week.

**37.** Defendant failed to keep records of all time worked by Plaintiffs in violation of the FLSA.

**38.** None of the Plaintiffs are exempt employees under the requirements of the FLSA.

**39.** Defendant's failure to pay wages earned and overtime to Plaintiffs was willful as Defendant knew such conduct was unlawful or showed reckless disregard for its obligations under the FLSA.  Therefore, Plaintiffs are entitled to an award of liquidated damages.

**WHEREFORE**, Plaintiffs and others similarly situated respectfully pray for an order of this Honorable Court certifying this matter as a Representative/Collective action, authorizing notice of the same to potential opt-in Plaintiffs, and an Order entering judgment in their favor against Defendant CF&I Steel L.P., and that the Court award Plaintiffs and others similarly situated their actual economic damages in an amount to be determined at trial and compensate them for overtime wages and other wages lost, for their liquidated damages for CF&I Steel L.P.'s willful violation of the FLSA, for their attorneys' fees, costs, pre-judgment interest, such other relief as provided by law and for such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted this 16th day of March, 2011.

McNAMARA ROSEMAN
& KAZMIERSKI LLP


_s/Mathew S. Shechter, Esq._____
Todd J. McNamara, Esq.
Mathew S. Shechter, Esq.
1640 East 18th Avenue
Denver, Colorado 80218
(303) 333-8700
Fax: (303) 331-6967
Email:  tjm@18thavelaw.com
            mss@18thavelaw.com

**Attorneys for Plaintiffs**