IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00663-RBJ-CBS

RALPH ABEYTA, *et al.*,

    Plaintiffs,

v.

CF&I STEEL, L.P.,
a Delaware Limited Partnership,
d/b/a EVRAZ ROCKY MOUNTAIN STEEL,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

    Plaintiffs Ralph Abeyta, *et al*., by and through their counsel, McNamara, Roseman & Kazmierski LLP, and Defendant CF&I Steel, L.P., d/b/a/ Evraz Rocky Mountain Steel, by and through its counsel, Holland & Hart LLP, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby ORDERS as follows:

    1.    All production and disclosure of "Confidential Information" as defined in paragraph 2 below shall be governed by this Order.

    2.    "Confidential Information" as used herein includes, but is not limited to, documents, materials, and information (in electronic, hard copy, or any other form or media), including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to discovery in this case and designated as "Confidential" pursuant to the terms of this Protective Order. In general, Confidential Information includes and may be claimed with respect to:

        (a)    information concerning present or former employees of Defendant

(whether Plaintiffs or not), such as pay, benefits, hours worked, pay rates, personnel files, evidence of protected activity, and other personal information;

 (b) confidential and proprietary business information regarding Defendant and its operations, contracts, customers, processes, and equipment;

 (c) medical and financial information of Plaintiffs; and

 (d) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party.

The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

 3. Documents may be designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." In lieu of marking the original documents, a party may mark the copies that are produced or exchanged.

 4. Confidential documents, materials, and/or information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistent with the terms of this Order, in pretrial discovery, the trial or preparation for trial, any ADR proceedings, or any appeal of this action; provided, however, any party may use its own Confidential Information for any purpose whatsoever. The use of Confidential Information at the trial or in pretrial discovery or other proceedings shall not be deemed a waiver of the protections of this Order.

 5. Documents labeled "Confidential" shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be

disclosed to:

    (a)    attorneys for each party actively engaged in this litigation; including, but not limited to, attorneys from Holland & Hart LLP and McNamara, Roseman & Kazmierski LLP;

    (b)    persons regularly employed or associated with the attorneys and actively engaged in this litigation;

    (c)    Plaintiffs, provided, however, that Plaintiffs may only review such material, or a copy of such material, at the office of, or otherwise in the presence of, their counsel;

    (d)    current directors, officers, and employees of Defendant who need to review such documents to assist in the litigation of this matter; provided, however, that such directors, officers and employees of Defendant agree to be individually bound by the terms of this Protective Order as described in Paragraph 7 below.

    (e)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (f)    the Court, jurors, and court staff involved in this case;

    (g)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (h)    deponents, witnesses, or potential witnesses who are reasonably expected to testify at deposition or trial provided, however, that such deponents, witnesses and potential witnesses agree to be individually bound by the terms of this Protective Order as described in Paragraph 7 below;

      (i)    other persons by written agreement of the parties; and

      (j)    outside vendors who perform indexing, photocopying, or similar clerical functions for the parties' attorneys.

    6.    Any party objecting to the designation of any information as Confidential shall clearly state the basis for the objection in a written notice to counsel for the party making the designation.  The written notice shall identify the information to which the objection is made.  If the parties are unable to resolve the objection within ten (10) business days after the time the notice is received, the party objecting to the confidential designation shall within fifteen (15) business days of the aforementioned notice file an appropriate motion with the Court requesting resolution of the matter, otherwise any objection is waived.  Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be deemed to be properly designated and subject to the terms of this Order.  The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

    7.    Certain individuals, as identified in paragraphs 5(d) and (h) above, may be shown confidential information pursuant to the terms of this Order only if such individuals are provided with a copy of this Order by disclosing counsel and agree to be individually bound by the terms of this Order by executing Exhibit A.  Disclosing counsel shall be responsible for maintaining executed copies of Exhibit A for a period of no less than three (3) years following the conclusion of the hearing, including any appeal thereof, and shall provide them to opposing counsel upon request.

    7.    8.    This Order shall continue to be binding throughout and after the

conclusion of the hearing, including any appeal thereof. Upon conclusion of this case, upon written request, any and all copies of the opposing party's Confidential documents shall be returned to opposing counsel or destroyed by counsel, except that copies may be maintained by counsel for a time period as may be required for any ethical or malpractice insurance obligations, who shall so certify to opposing counsel. Notwithstanding the foregoing, all briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses material covered by this Order may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

8.    9.    The terms of this Order may be modified by further order of the Court upon good cause shown.


DATED at Denver, Colorado, this 21st day of November, 2011.

                                                                             BY THE COURT:


                                                  *s/Craig B. Shaffer*
                                                  Craig B. Shaffer
                                                  United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM:

<u>/s/ Mathew S. Shechter, Esq.</u>
Todd J. McNamara, Esq.
Mathew S. Shecter, Esq.
McNamara, Roseman & Kazmierski LLP
1840 E. 18th Avenue
Denver, CO 80218
(303) 333-8700

*Attorneys for Plaintiffs*

<u>/s/ Steven M. Gutierrez, Esq.</u>
Jeffrey T. Johnson, Esq.
Steven M. Gutierrez, Esq.
Emily Hobbs-Wright, Esq.
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000

*Attorneys for Defendant*

Exhibit A

Agreement to be Bound by Terms of Protective Order

I, _____, have been provided a copy of the Protective Order entered in *Abeyta, et al, v. CF&I Steel, L.P.*, and have reviewed the contents of such Order.

I understand that I am to be provided Confidential information in accordance with the terms of the Order. I understand that this information may only be used for the within litigation and for no other purpose. I further understand that I may receive information related to current or former employees of Evraz Rocky Mountain Steel, or other confidential information belonging to Evraz Rocky Mountain Steel, and that I may not use this information for any purpose except the within litigation. I agree to be bound by the terms of the Protective Order, and understand that violation of these terms may result in sanctions against one or more of the parties and/or against me personally.

Signed: _____   Date:_____