IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-00663-RBJ-CBS

RALPH ABEYTA, ET AL.

Individually, and on Behalf of Others Similarly Situated,

    Plaintiffs,

v.

CF&I STEEL, L.P., a Delaware Limited Partnership, d/b/a EVRAZ ROCKY MOUNTAIN STEEL,

    Defendant.

**ORDER OF DISMISSAL WITH PREJUDICE**

THIS MATTER having come before the Court on the parties' Joint Motion for Final Approval of FLSA Settlement and Memorandum in Support thereof (Dkt. Nos. ___ and ___, respectively), and the Court being fully advised in the matter,

The Court hereby FINDS as follows:

1. This is an action under the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. The approximately 570 individually-named and opt-in Plaintiffs allege that they are owed unpaid overtime compensation for certain hours worked.

2. As set forth in detail in the Joint Motion and Memorandum in Support, the parties have, after good-faith, arm's length negotiations, entered into a settlement resolving all of the claims in this case.

1

3.   Each of the individually-named and opt-in Plaintiffs consented in writing to join this lawsuit and authorized Plaintiffs' counsel to represent them in this action. Copies of these written consents and authorizations have been filed in this action or received under seal by the Court. Plaintiffs appointed and authorized a Settlement Committee to negotiate on behalf of, and bind, the Plaintiffs. Plaintiffs have been informed as to the final agreement to resolve the matter and no Plaintiff has objected to the settlement. The Settlement Committee unanimously approved and executed the final settlement agreement resolving all of the claims in this case as to all Plaintiffs.

4.   In a FLSA §216(b) collective action such as this, Court approval of the settlement is required. A district court may approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute under the FLSA. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982), citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Where the settlement resulted from contested litigation over a *bona fide* dispute between the parties under the FLSA, the court may approve the settlement agreement "after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353, citing *Schulte Inc. v. Gangi*, 328 U.S. 108 (1946).

5.   Considering the *Lynn's Food Store* standard, the Court approves the Settlement Agreement into which the parties have entered. Specifically, the Court finds:

    a.   The proposed settlement was reached as a result of contested litigation;

    b.   A *bona fide* dispute existed between the parties relating to the issues in this case;

    c.   The settlement is fair and reasonable to Plaintiffs and Defendant; and

    d. The attorneys' fee, expenses, and costs to be paid to Plaintiffs' attorneys pursuant to the settlement are reasonable under the circumstances.

THEREFORE, the Court ORDERS:

1. The parties' Settlement Agreement, Exhibit A to the Joint Motion (Dkt. No. ___) is hereby approved.

2. All claims of all individually-named and opt-in Plaintiffs in this case are hereby dismissed with prejudice on the merits, with the parties to bear their own attorneys' fees and costs, except as otherwise set forth in the Settlement Agreement.

IT IS FURTHER ORDERED that counsel for Plaintiffs is directed to mail a copy of this Order within five business days after its entry via first class mail to each of the Plaintiffs in this case.

Dated: _Sept. 5_, 2012.

               BY THE COURT:

               _____
               Hon. R. Brooke Jackson
               U.S. District Court Judge